UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOSEPH WHITTINGTON JR., <br><br> Plaintiff, <br><br> v. <br><br> LISA DEINES; JENNIFER ROSE; et al., <br><br> Defendants. | Case No.: 21cv1224 DMS (JLB) <br><br> **ORDER (1) GRANTING MOTIONS TO DISMISS FILED BY DEFENDANTS WILLIS, BUBIS, AND ZABACK, AND (2) DENYING AS MOOT MOTION TO DISMISS FILED BE DEFENDANTS VILLAFANA AND JOHNSON** |

On July 7, 2021, *pro se* Plaintiff John Joseph Whittington, Jr., filed the present case in this Court. Plaintiff's initial 70-page "Complaint" named Lisa Deines and Jennifer Rose as Defendants, both of whom are alleged to be employees of the County of San Diego's Child Welfare Services. Plaintiff alleged Deines and Rose removed Plaintiff's son Joseph Carson Whittington from the custody of Joseph's mother Haeleigh Autumn Herring pursuant to a protective custody warrant issued by the state court. Plaintiff's legal claims were difficult to decipher, but a liberal construction of the "Complaint" suggested he was trying to allege a claim under 42 U.S.C. § 1983 arising from Joseph's removal from his mother's custody. In a 224-page First Amended Complaint ("FAC") filed on July 22, 2021, Plaintiff appears to reallege the same or similar claims against Deines and Rose, and names as additional Defendants Priscilla Villafana and Layanie Johnson, both social workers

1

employed by the County of San Diego, Caitlin Martin Jones Zaback, an attorney at Children's Legal Services of San Diego, and San Diego Superior Court Judges Browder A. Willis III, who presided over the juvenile court proceedings concerning Joseph, (*see* FAC at 217-18[1]), and Gary M. Bubis, who issued the protective custody warrant. (*See id.* at 63-64.)

In response to the FAC, Judges Willis and Bubis filed a motion to dismiss, Defendant Zaback filed a motion to dismiss and/or a motion for a more definite statement, and Defendants Villafana and Johnson filed a motion to dismiss, or in the alternative, a motion to quash for improper service. Plaintiff did not file a traditional opposition to any of these motions, but he did file an "Affidavit of Truth" and a "Declaration of John of the Whittington Family," followed by an "Affidavit of Truth and Facts by John Joseph Whittington in support of a default judgement." Judges Willis and Bubis filed a reply brief to their motion, as did Defendants Johnson and Villafana. Defendant Zaback did not file a reply to her motion.

As indicated in the motions, Defendants raise a number of arguments that could potentially justify dismissal of this case, ranging from judicial immunity to the Rooker-Feldman doctrine. First and foremost, however, is Federal Rule of Civil Procedure 8, which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and that each allegation in a pleading "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff's 224-page FAC satisfies neither of these requirements. Indeed, the FAC is comprised of a variety of apparently separate documents, including a "Notice of Special Divine Appearance Status Standing Dominion," (FAC at 4-10), which cites biblical verses, another "Affidavit of Trurth [sic] and Fact," (*id.* at 37-41), a "Notice: To Any Available Federal Procecutor [sic]: 90 Days Decision to Procecute [sic]," (*id.* at 42-45), what looks

---

[1] The page numbers cited here refer to the page numbers assigned by the Court's CM/ECF system.

to be printouts of various government web pages, (*id.* at 48-57), documents filed in the juvenile proceedings in state court,[2] (*id.* at 61-68), a 32-page "Affidavit of Truth and Assertory Oath, Repudiation and Revocation of Citizenship," (*id.* at 132-163), a Criminal Complaint form filled out by Plaintiff, (*id.* at 220-21), and "Arrest Warrants" for Defendants Rose and Deines.  (*Id.* at 222-23.)

The FAC also contains terminology that suggests Plaintiff may subscribe to the "sovereign citizen" ideology.  (*See id.* at 71) ("Being Sui Juris"[3]); (*id.* at 109) (referencing Plaintiff's attempt to revoke his United States citizenship[4]).  "Courts across the country 'have uniformly rejected arguments' based on the sovereign citizen ideology as frivolous, irrational, or unintelligible." *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016) (citing *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012)) (collecting cases). "The Ninth Circuit has [also] rejected arguments premised on the ideology as 'utterly meritless.'" *Id.* (citing *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986)).

Here, the Court agrees with Judges Willis and Bubis and Defendant Zaback that Plaintiff's FAC is subject to dismissal because it fails to comply with Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1).  The Court also finds Plaintiff's allegations to be frivolous, and subject to dismissal for that reason, as well.  *See Wallace v. Lynch*, No. 220CV2265TLNDBPS, 2021 WL 2016620, at *1 (E.D. Cal. May 20, 2021) (quoting

---

[2] California Welfare and Institutions Code § 827 sets out certain rules governing the release of juvenile case files.  Defendants Villafana and Johnson filed a separate motion to strike certain of Plaintiff's pleadings for violating those rules.  (*See* ECF No. 24.)  That motion is unopposed, and will be addressed in a separate order.

[3] *See Burns v. Wright*, No. C17-5842RBL, 2017 WL 10103547, at *1 (W.D. Wash. Dec. 12, 2017) (identifying certain "magic words" used by "sovereign citizens," including "sui juris").

[4] *See United States v. Nissen*, No. CR 19-0077 JB, 2020 WL 1929526, at *21 (D.N.M. Apr. 21, 2020) (explaining that "sovereign citizens" believe they may revoke their United States citizenship "at any time.")

*Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)) ("Where a complaint is 'obviously frivolous' the district court may dismiss the complaint, even if the plaintiff has paid the filing fee.")[5]  Accordingly, the Court grants the motions to dismiss filed by Judges Willis and Bubis, and the motion to dismiss filed by Defendant Zaback, and dismisses Plaintiff's case with prejudice.  *See Mackey*, 2016 WL 3254037, at *1 (dismissing plaintiff's complaint because it was legally frivolous).[6]

**IT IS SO ORDERED**.

Dated:  December 3, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[5] The Court notes Defendants raise other compelling arguments for dismissal of this case, *e.g.*, that Judges Willis and Bubis are entitled to judicial immunity, and that Plaintiff's claims are barred by the Rooker-Feldman doctrine.  The Court need not address those arguments in detail, however, given Plaintiff's failure to comply with Rule 8.

[6] In light of this ruling, the Court denies as moot the motion to dismiss for insufficient service of process filed by Defendants Villafana and Johnson.