UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOSEPH WHITTINGTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> LISA DEINES; JENNIFER ROSE; et al., <br><br> Defendants. | Case No.: 21cv1224-LL-JLB <br><br> **ORDER DENYING PETITION FOR RECONSIDERATION** <br><br> **[ECF No. 34]** |

Petitioner, proceeding pro se, moves for reconsideration of Judge Sabraw's order dismissing this case with prejudice. ECF No. 34. The case was subsequently transferred to the below signed district judge. ECF No. 37. Petitioner also styles his filing as a second amended complaint. For the below reasons, the Petition is **DENIED**.

I. **BACKGROUND**

Petitioner's initial 70-page Complaint named two alleged employees of the County of San Diego's Child Welfare Services. Petitioner alleged they removed his son from the custody of his mother pursuant to a protective custody warrant issued by the state court. In liberally construing the Complaint, Judge Sabraw interpreted Petitioner's claim as one arising under 42 U.S.C. § 1983. In a subsequent 224-page First Amended Complaint ("FAC"), Petitioner alleged the same or similar claims, and added as Defendants two social workers allegedly employed by the County, an attorney at Children's Legal Services of

San Diego, and two state court judges who presided over the juvenile court proceedings or who issued the protective custody warrant. In response to the FAC, multiple Defendants filed motions to dismiss. Petitioner did not file a traditional opposition to any of the motions, but he did file an "Affidavit of Truth" and a "Declaration of John of the Whittington Family," followed by an "Affidavit of Truth and Facts by John Joseph Whittington in support of a default judgement." ECF Nos. 17, 19, 21.

In their motions to dismiss, Defendants raised a number of arguments that Judge Sabraw found could potentially justify dismissal of this case, ranging from judicial immunity to the *Rooker-Feldman* doctrine. ECF No. 32. First and foremost, Judge Sabraw found that Petitioner failed to comply with Federal Rule of Civil Procedure 8, which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and that each allegation in a pleading "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Judge Sabraw found that Petitioner's 224-page FAC satisfied neither of those requirements, noting that the FAC was comprised of a variety of apparently separate documents, including: (1) a "Notice of Special Divine Appearance Status Standing Dominion," which cited biblical verses; (2) another "Affidavit of Truth and Fact;" (3) a "Notice: To Any Available Federal Prosecutor: 90 Days Decision to Prosecute," which consisted of printouts of various government web pages; (4) a 32-page "Affidavit of Truth and Assertory Oath, Repudiation and Revocation of Citizenship;" and (5) "Arrest Warrants" for Defendants Rose and Deines. *Id*. at 2-3. Judge Sabraw also noted that Petitioner's FAC contained terminology suggesting Petitioner subscribed to the "sovereign citizen" ideology, which had been uniformly rejected by courts across the county. *Id*. at 4. Finally, Judge Sabraw found Petitioner's claims to be frivolous, and dismissed the case with prejudice. *Id*.

## II.   LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Consequently, reconsideration is appropriate in only limited

circumstances, such as where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* S.D. Cal. CivLR 7.1(i)(1) (requiring any party moving for reconsideration "to present to the judge . . . . an affidavit . . . . setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application").

### III. DISCUSSION

In support of his filing, Petitioner does not attempt to present newly discovered evidence to show that Judge Sabraw committed clear error or that his decision was manifestly unjust, nor does he argue that there has been an intervening change in controlling law. Rather, Petitioner requests that this Court accept his filing as a second amended complaint, which he argues is simple, clear, and concise. ECF No. 34. However, Judge Sabraw's order dismissed this case with prejudice. ECF No. 32 at 4. Accordingly, and construing Petitioner's pro se filings liberally, Petitioner has not met his burden of showing grounds for reconsideration of Judge Sabraw's order [ECF No. 32] dismissing his case with prejudice. Accordingly, the Petition [ECF No. 34] is **DENIED** with prejudice.

**IT IS SO ORDERED**.

Dated: April 5, 2022

_____
Honorable Linda Lopez
United States District Judge